Case 1:07-cv-02672-JTC   Document 1   Filed 10/26/07   Page 1 of 12

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 26 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARDENIA INDUSTRIAL LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEIT ELECTRIC COMPANY, INC., ) <br> ) <br> Defendant ) <br> _____ ) | CIVIL ACTION <br> FILE NO. <br> <br> 1:07-CV-2672 <br> <br> -JTC |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Gardenia Industrial Limited ("Plaintiff" or "Gardenia") and for its Complaint against Feit Electric Company, Inc. ("Defendant" or "Feit") states the following:

### I. PARTIES

1.  Plaintiff Gardenia, a corporation organized and existing under the laws of the British Virgin Islands, has a principal place of business located at 1702 Star House, 3 Salisbury Road, Tsimshatsui, Kowloon, Hong Kong.

1

2. Upon information and belief, Defendant Feit is a corporation organized and existing under the laws of the State of California, having a principal place of business located at 4901 Gregg Road, Pico Rivera, CA 90660-2108. The agent for service of process is Aaron Feit, 4901 Gregg Road, Pico Rivera, CA 90660-2108.

## II. JURISDICTION AND VENUE

3. This is an action against Defendant for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et. seq., including 35 U.S.C. §§ 271 and 281.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and otherwise, because this action involves federal patent law.

5. This Court has personal jurisdiction over Defendant based upon Feit's sale of goods and the transaction of business in the state of Georgia and sufficient minimum contacts with the state of Georgia and this judicial district, including sales business contacts involving products which infringe Plaintiff's Patents as discussed below.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and otherwise because (among other grounds) Defendant i) resides in this District for venue purposes, ii) is subject to personal jurisdiction in this District, iii) a substantial part of the events or omissions giving rise to this cause of action occurred in this District or a substantial part of the properties at issue in this action are situated in this District, or iv) Defendant has committed acts of infringement in this District, and v) Defendant has a regular and established place of business in this District.

## IV. FACTS

7.  Lighting companies design and manufacture electrical lighting fixtures, as well as lamps and bulbs for lighting fixtures, and sell these lighting products through a variety of commercial channels including retail home improvement products companies. In addition, they sell lighting components and lamps to third party manufacturers that use them in lighting products sold commercially including through retail home improvement centers.

A CMD 601043 v2
2170687-000030 10/18/2007

8. "Track lighting" fixtures are one type of lighting product. Track lighting has become increasingly popular in recent years for lighting room interiors as well as for illuminating specific portions of cabinets, artwork, and the like.

9. Track lighting fixtures include an elongated rigid member that contains at least two electrical conductors or wires. The rigid member is referred to as a "track." The electrical conductors in the track, when installed, connect to an electrical current supply, such as an electrical junction box. The track is configured to receive one or more electrical lighting fixtures. The electrical lighting fixtures for track lighting include adaptors or connecting portions that mechanically attach or connect the fixture to the track.

10. These electrical lighting fixtures can be attached at different places along the length of the track. Often the lighting fixtures include pivoting and/or rotational connections so that the light can be directed in a particular direction.

11. Electrical lighting fixtures used in track lighting fixtures have a socket that receives a lamp or bulb. The socket includes a pair of electrical conductors which connect to the electrical conductors in the track, for communicating electrical current to a lamp in the socket.

4

12. The lighting fixtures also typically include a shade or reflector, for ornamental lighting effects. For many years, the shades used on track lighting fixtures were opaque so that light could not pass outwardly through the side of the shade, but rather the light would go through the open end of the shade.

13. Lamps typically used in such track light fixtures are of a spot-light type lamp, which include a reflector portion that concentrates the light from the lamp. The reflective surface of the reflector directs the light from the bulb forward. This reflector can be shaped parabolically, spherically, elliptically, or some other shape to direct the light.

14. Separate shades made of glass or other ceramic material have been developed in order to use with track lighting fixtures. These separate shades are translucent and ornamentally colored. Light passes through the wall of the separate shade as well as through the open end of the shade.

15. These translucent shades, however, have not worked well with spot-light type lamps. Spot-light type lamps direct the light past the translucent shade and do not illuminate the shade itself.

16. To solve this problem, a new lamp was invented for use with translucent shades of track lighting fixtures, which lighting lamp provides dual-

A CMD 601043 v2
2170687-000030 10/18/2007

lighting characteristics and features ("Dual Track Light"). This Dual Track Light includes a source of light housed in a translucent shell. The shell has a reflector for spot-light or focused light features and a second portion from which light emits generally in all directions, or in other words, omni-directionally. This invention provides the spot light type effect while also illuminating the translucent shade

17. On March 27, 2007, U.S. Design Patent No. D539,443 entitled "Lamp" ("the '443 Patent") was issued by the United States Patent and Trademark Office from a patent application filed December 10, 2004. The '443 Patent is assigned to Plaintiff, which has full right and title to the '443 Patent, including the right to enforce the '443 Patent in this action. A true and correct copy of the '443 Patent is attached as Exhibit A.

18. On April 3, 2007, U.S. Patent No. 7,198,389 entitled "Lamp With Spot Light And Flood Light Features" ("the '389 Patent") was issued by the United States Patent and Trademark Office from a patent application filed September 27, 2004. The '389 Patent is assigned to Plaintiff, which has full right and title to the '389 Patent, including the right to enforce the '389 Patent in this action. A true and correct copy of the '389 Patent is attached as Exhibit B.

19. Upon information and belief, Defendant has manufactured, is offering to sell, and is selling, lamps of a type covered by the claims of the '443 and '389

A CMD 601043 v2
2170687-000030 10/18/2007

Patents in the United States. A photograph of a package of Defendant's lamps of a type covered by the claims of the '443 and '389 Patents is attached as Exhibit C. Upon information and belief, Defendant has sold and is selling through retail home improvement centers lamps, having a dual spot and flood light features, such lamps of a type covered by the claims of the '443 and '389 Patents.

20. Upon information and belief, Defendant has earned profits from its infringing activities, and Plaintiff has suffered damages as a result of the acts of Defendant, and the amount of the profits earned by Defendant and the extent of the damages to Plaintiff by reason of the infringement of the '443 and '389 Patents is presently unknown to Plaintiff, and Plaintiff requests leave to amend its Complaint when the amount of the damages is known.

21. Upon information and belief, Defendant will continue to make and sell lamps in the United States of a type covered by the claims of the '443 and '389 Patents, unless restrained by this Court.

**Patent Infringement Count**

22. Plaintiff re-states the allegations of the foregoing paragraphs 1 – 21.

A CMD 601043 v2
2170687-000030 10/18/2007

23. Defendant has infringed, and continues to infringe, the claims of the '443 and '389 Patents by making, using, offering to sell, and selling within the Northern District of Georgia, and elsewhere, lamps of a type covered by the claims of the '443 and '389 Patents, and upon information and belief, will continue to do so unless enjoined by this Court.

24. Further, such infringement is willful and deliberate, because notice of the existence of the '443 and '389 Patents has been duly placed on all of Plaintiff's products.

25. The infringement by Defendant of the '443 and '389 Patents has deprived Plaintiff of the benefit of sales of lamps which Plaintiff's licensees otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

**WHEREFORE, Plaintiff requests a judgment as follows:**

1. That the Court adjudge and decree that Defendant Feit has infringed Plaintiff's U.S. Design Patent No. D539,443 in violation of 35 U.S.C. § 271.

2. That the Court adjudge and decree that Defendant Feit has infringed Plaintiff's U.S. Patent No. 7,198,389 in violation of 35 U.S.C. § 271.

8

A CMD 601043 v2
2170687-000030 10/18/2007

3. That Defendant, its officers, agents, servants and employees be forthwith preliminarily enjoined and restrained from making, using, offering to sell, selling or importing into the United States Defendant's infringing products during the pendency of this civil action, and thereafter permanently enjoined and restrained from making, using, offering to sell, selling, or importing into the United States Defendant's infringing products.

4. That Defendant be directed to file with this Court and serve on Plaintiff within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

5. That Defendant be required to deliver up and destroy all of Defendant's infringing products and all literature, advertisements and other materials related to Defendant's infringing products.

6. That Defendant account for and pay to Plaintiff all damages available to Plaintiff for Defendant's infringement of the '443 and '389 Patents, and that the Court increase the amount of damages to three times the amount found or assessed by the Court because of the willful and deliberate nature of the infringement, in accordance with 35 U.S.C. § 284.

A CMD 601043 v2
2170687-000030 10/18/2007

7. That the Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285, as well as Plaintiff's costs.

8. That the Court require Defendant to notify its dealers, associates, suppliers and customers of the Judgment in this action.

9. That the Court require a full and complete accounting of all monies received by the Defendant as a result of the wrongful making, using, importing, offering for sale and/or sale of Defendant's infringing products, together with an order transferring to Plaintiff any amounts found to be due to Plaintiff.

10. That Plaintiff have such other and further relief as the Court may deem just.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted this 26 day of October, 2007.

                                BAKER, DONELSON, BEARMAN
                                CALDWELL & BERKOWITZ, P.C.

                                _____
                                Carl M. Davis, II
                                Georgia Bar No. 207710

                                _____
                                Thomas A. Hodge
                                Georgia Bar No. 358635
                                Six Concourse Parkway
                                Suite 3100
                                Atlanta, Georgia 30328
                                (678) 406-8700 - Telephone
                                (678) 406-8701 – Facsimile
                                cdavis@bakerdonelson.com
                                thodge@bakerdonelson.com

Of Counsel:

James A. DeLanis (TN Bar No. 6057)
Baker, Donelson, Bearman, Caldwell
    & Berkowitz, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5600
(615) 744-5613 (fax)
jdelanis@bakerdonelson.com

Attorneys for Plaintiff Gardenia Industrial Limited

11

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1 (C).

Respectfully submitted on October 26, 2007.

By: _____
Carl M. Davis, II
Georgia Bar No. 207710